UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISTVAN KELE,

                                    Plaintiff,

        -v.-
                                                          9: 03-CV-0170
                                                            (LEK)(DEP)

JACK PELKEY, Franklin County Sheriff; TIMOTHY
FOURNIER, Franklin County Jail Deputy; WILBUR
BAILEY, JR., Franklin County Jail Deputy; and
TIMOTHY FOURNIER, Franklin County Jail Deputy,

                                    Defendants.
_____

APPEARANCES:                          OF COUNSEL:

ISTVAN KELE
Plaintiff, *Pro se*
H-1131 Budapest
Reitter Ferenc ut 158
Hungary/Europe

HANCOCK, ESTABROOK LAW FIRM          MAUREEN E. MANEY, ESQ.
Attorney for Defendants
1500 MONY Tower I
Syracuse, New York 13221

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

_____**ORDER**

        Plaintiff Istvan Kele commenced this civil rights action against the defendants

pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights.  Plaintiff claims that on

August 26, 2002, he was physically assaulted by defendant Fournier.  Dkt. No. 40.

Plaintiff also alleges that defendant Pelkey failed to properly hire and supervise his

employees, defendant Bailey refused plaintiff's request to file a criminal complaint against

defendant Fournier, and defendant Dow used excessive force against plaintiff and

threatened plaintiff with further bodily harm.  Dkt. No. 40.

Currently before the Court is a motion by plaintiff to compel discovery.  Dkt. No. 47.
Defendants have filed a response to the motion.  Dkt. No. 49.   Plaintiff's motion relates to
three separate sets of interrogatories, as well as a request for financial information.
Plaintiff has made some good faith efforts to resolve the outstanding discovery disputes as
required by Local Rule 7.1(d)(1).  *See* Dkt. No. 47, Ex. D.

    1.   <u>Interrogatories addressed to defendant Fournier</u>

Defendant Fournier was served with a set of interrogatories consisting of 19
questions, some of which contained subparts. Dkt. No. 49, Ex. A.  Fournier responded to
the interrogatories on October 29, 2004.  His response, in part, contained objections to the
requests. Dkt. No. 47, Ex. A.  In reviewing Fournier's responses, I initially find that
Fournier has adequately responded to interrogatories 7, 8, 9, 11, 17 and 18.  Accordingly,
plaintiff's motion is denied as to these requests.

Defendant Fournier objected to the interrogatories which sought answers to the
following inquiries:[1] (a) have you ever been arrested; if so when, where, and for what?
(No. 2); (b) have you been involved in a fight during your school years or thereafter? (No.
3); (c) have you ever used illegal drugs? (No. 4); (d) were you ever required to take a drug
test during your tenure as deputy for Franklin County? (No. 5); (e) do you drink alcohol? If
so, what and how often? (No. 6); (f) have you ever lied?  If so, why? (No. 10); (g) have you
ever received a speeding ticket or committed any traffic violation? (No. 12); (h) are you
married? Do you have children? If so, have you ever used corporal punishment on your

---

[1] The questions have been paraphrased.

children? Have you ever hit your wife? (No. 13); (i) were you sexually abused as a child?

(No. 14); (j) were you ever subjected to corporal punishment as a child? (No. 15); and (k)

are you related to Sheriff Pelkey or any deputy at Franklin County Jail? If so, how? (No.

16).  Defendant Fournier's objection to each of these inquiries was as follows:

> This request is objectionable and invalid because it does not
> relate to any statement or opinion of fact at issue, or the
> application of law to fact at issue.  This Interrogatory is
> completely improper under Fed. R. Civ. P. 36 [sic] as it
> attempts to harass the Defendant and is not relevant to any of
> the claims or defenses interposed in this action.

*See* Dkt. No. 47, Ex. A, responses 2-6, 10, and 12-16.  I find that the information

requested is not relevant to plaintiff's claim that he was assaulted by defendant Fournier

and is not likely to lead to the discovery of admissible evidence.  While plaintiff argues that

the information may lead to information establishing that Fournier has anger issues which

might have led Fournier to assault plaintiff, this broad fishing expedition into past acts or

bad habits by Fournier will not be allowed.  Plaintiff's motion is denied as to interrogatories

2-6, 10, and 12-16.

Finally, I find interrogatories 1 and 19 to be vague and unclear.[2]  Plaintiff's motion is

denied as to these requests.

2.     Interrogatories addressed to defendant Pelkey

Defendant Pelkey was served with a set of interrogatories consisting of 4

questions.  Dkt. No. 49, Ex. C.  Pelkey responded to the interrogatories on December 15,

---

[2] Number 1 asks: "In your report of the incident to your supervisor, you state that plaintiff '... was being argumentative the whole time....'"  What at exactly you mean by "the whole time?"  Number 19 reads as follows: "When plaintiff had been hand-cuffed after the incident, why and whom did you say, 'He (plaintiff) hit me first?'"

2004. His response, in part, contained objections to the requests. Dkt. No. 47, Ex. B.
Pelkey responded to interrogatory requests 1 and 4, but objected to requests 2 and 3. *Id*.
Plaintiff seeks to compel a response to requests 2 and 3.

Request 2 asks Pelkey "During your tenure as Sheriff for Franklin County, how
many deputies serving as correctional officer [sic] had either been dismissed or asked to
resign due to some kind of misconducts [sic], sexual, or other kinds? Unless your answer
is 'none', please describe each incident, naming the deputy, the date of his dismissal or
resignation, including the specific reason for. Or provide written report of same." Dkt. No.
49, Ex. C. Request 3 asks Pelkey to indicate whether he is related to any of his co-
defendants or any of the deputies who may have witnessed the alleged August 26, 2002
assault. Dkt. No. 49, Ex. C. Defendants object to both requests as irrelevant. Dkt. No. 47,
Ex. B. I find that requests 2 or 3 are not relevant to plaintiff's claims that Pelkey failed to
properly hire or supervise Fournier and are not likely to lead to the discovery of admissible
evidence. This aspect of plaintiff's motion is denied.

      3.    <u>Interrogatories addressed to defendant Dow</u>

Defendant Dow was served with a set of interrogatories consisting of 14
questions, some of which contain subparts. Dkt. No. 49, Ex. B. Dow responded to the
interrogatories on October 29, 2004. His response, in part, contained objections to the
requests. Dkt. No. 47, Ex. C. Plaintiff seeks to compel a response to requests 4(a), 4(b),
5(a), 5(b), 6, 7, 10(b), 10(c), 11, and 14. I find that Dow adequately responded to requests
4(a), 4(b), 5(a), 10(b), and 10(c). The fact that plaintiff may not like a response is not
adequate reason to order a further or different response.

Requests 5(b), 6, and 7, while not artfully phrased, are amenable to an answer by

4

Dow.  While Dow objects to the requests as "improper," no specific reasons are given to explain why the requests are improper.  A party objecting to the disclosure of certain evidence bears the burden of establishing "precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996).  "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez v. Greiner*, No. 01 Civ. 07888, 2003 WL 22434101, at * 1 (S.D.N.Y., Oct. 22, 2003).  Plaintiff's motion is granted in this regard and Dow is directed to respond to interrogatory requests 5(b), 6, and 7 within thirty days of the filing date of this Order.

Request 11 asks whether Dow has "ever been arrested for anything, including any traffic violations?"  Dow objects to the request as irrelevant and unlikely to lead to relevant information.  The motion is denied as to request 11 because the information sought is not relevant to plaintiff's claims against Dow and not likely to lead to the discovery of admissible evidence.

Request 14, which seeks information regarding **any** complaint filed against Dow by **any** Franklin County Jail prisoner, is clearly overbroad.  The motion is denied as to request 14.

4.   Request for financial information

_____As his final piece of discovery, which defendants have refused to answer, plaintiff seeks financial information from each of the defendants. *See* Dkt. No. 49, Ex. D.  The information sought includes identification of all properties owned by each defendant,

5

including their value and location; identification of any machinery owned, including its market value; the make, year, model, and market value of all automobiles; the value of any life insurance, the name of the insurance provider, and the name of the beneficiaries; information regarding all bank accounts, including the name of the bank, account number, and current value; the amount that each defendant earned per year for the preceding five years as well as the expected income over the next five years; and information concerning loans or mortgages against any of defendants' property.  *Id*.

Defendants object to the requests in their entirety because: (1) information concerning a party's financial condition or net worth is irrelevant for discovery purposes, absent special circumstances and (2) the requests are premature since the issue of liability has yet to be resolved.  Dkt. No. 49 at 6-7.

Generally, the federal rules do not allow the discovery of a party's financial status, or his ability to satisfy a judgment, unless such facts are relevant to the subject matter of an action or would lead to the discovery of admissible evidence.  *Ranney-Brown Distributors, Inc. v. E.T. Barwick Industries, Inc.*, 75 F.R.D. 3, 5 (S.D.Ohio 1977). However, when a punitive damages claim has been asserted by the plaintiff, pretrial discovery of financial information of the defendant is generally permitted.  *See Open Housing Center, Inc.* v. Kings Highway Realty, 1993 U.S. Dist. LEXIS 15927 (E.D.N.Y.1993) (the Court permitted "pre-trial discovery of defendants' financial information even in the absence of a showing that punitive damages were warranted."); *Tillery v. Lynn*, 607 F.Supp. 399, 402 (S.D.N.Y.1985) (plaintiff allowed to take pre-trial discovery of defendant's personal assets prior to a determination of liability for punitive

damages).

> As far as the general timing of financial disclosures is concerned, plaintiffs need not wait until after a finding of liability or a preliminary finding of damages to obtain discoverable financial information from defendants... As a number of courts within the Second Circuit have recognized, it is often preferable "to bifurcate trials in order to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensation have been tried." *Smith v. Lightening Bolt Prods., Inc.*, 861 F.2d 363, 374 (2d Cir.1988); *see Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir.1990); *Hazeldine v. Beverage Media, Ltd.*, No. 94 Civ. 3466(CSH), 1997 WL 362229, at ----2-3 (S.D.N.Y. June 27, 1997); *Tillery v. Lynn*, 607 F.Supp. 399, 403 (S.D.N.Y.1985)... While bifurcation may be the preferred method of resolving disputed issues of liability and damages, as it prevents prejudice to the defendants by keeping financial evidence out of the liability phase of the trial, this does not mean that plaintiffs should be denied pretrial financial discovery. *See Hazeldine*, 1997 WL 362229, at *3; *Tillery*, 607 F.Supp. at 402-03 ... As the Honorable Constance Baker Motley observed in *Tillery*, it would be unduly burdensome to plaintiffs, this Court, and a jury to delay any resolution of the issue of the amount of punitive damages until after a second phase of financial discovery is completed. 607 F.Supp. at 402-03; *see Hazeldine*, 1997 WL 362229, at *3... Defendants' interests in avoiding prejudice can be sufficiently protected by bifurcation, should they request this from the Court. Additionally, any privacy interests defendants may have in confidential financial information produced to plaintiffs can be secured by the protective order issued by this Court.

*Hamm v. Potamkin, Potamkin Manhattan Corp.*, No. 98 CIV. 7425, 1999 WL 249721, at

*1-2 (S.D.N.Y. Apr. 28, 1999).

While pretrial discovery of financial worth is permissible, plaintiff has not

demonstrated a need for the extensive discovery he seeks.  For example, plaintiff seeks

information regarding the location of defendants' homes, the location of personal property,

the account numbers of defendants' bank accounts, the amount of life insurance held by

defendants and the names of the beneficiaries of each policy, and the type and value of

automobiles owned by the defendants.  While plaintiff may be entitled to information

regarding the defendants' net worth, clearly plaintiff has not demonstrated a compelling

need for financial or personal information of this magnitude.  Accordingly, each defendant

is directed to produce, within thirty days of the filing date of this Order, a financial affidavit

containing a statement of his total net worth and listing his income, assets, and liabilities

for the past three years.  **Plaintiff is warned that the information so provided is not to**

**be publicly released or shared with any other person without prior Court**

**permission.  In the event any party finds it necessary to file a copy of the financial**

**affidavits with the Court, the affidavits shall be transmitted to the Court in traditional**

**paper form and the Clerk will be directed to file the financial affidavits under seal.**

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's motion to compel (Dkt. No. 47) is **GRANTED** in part and

**DENIED** in part.  Plaintiff's motion is **GRANTED**, as more fully set forth above, as follows:

(1) defendant Dow is directed to respond to interrogatory requests 5(b), 6, and 7, and

(2) each defendant is required to produce a financial affidavit containing a statement of his

total net worth and listing his income, assets, and liabilities for the past three years.

Defendants must provide plaintiff with the required discovery **within thirty (30) days** of the

filing date of this Order.  Plaintiff's motion to compel is denied in all other respects, and it

is further

**ORDERED**, **that plaintiff is warned that the financial information provided to**

**him by defendants must not be publicly released or shared with any other person**

**without prior Court permission.  In the event any party finds it necessary to file a**

**copy of the financial affidavits with the Court, the affidavits shall be transmitted to**

**the Court in traditional paper form and the Clerk will be directed to file the financial**

8

**affidavits under seal**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated:        September 6, 2005
              Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

9