UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISTVAN KELE,

            Plaintiff,

                                                                                                9:03-CV-0170

v.                                                                             (LEK/GHL)

JACK PELKEY, Franklin County Sheriff, *et al.*
                Defendants.
_____

APPEARANCES:                                                      OF COUNSEL:

ISTVAN KELE
    Plaintiff, *Pro Se*
H-1131 Budapest
Reitter Ferenc ut 158
Hungary, Europe

HANCOCK & ESTABROOK, LLP                      MAUREEN E. MANEY, ESQ.
    Counsel for Defendants
1500 MONY Tower I
Syracuse, NY 13221

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This action has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to Local Rule 72.3(c) and 28 U.S.C. § 636(b). Istvan Kele commenced this action against four employees of the Franklin County Sheriff's Department ("Defendants"), alleging that they violated his civil rights while he was incarcerated in the Franklin County Jail in 2002. (Dkt. No. 40 [Plf.'s Am. Compl.].) Currently pending before the Court is Defendants' motion to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 56), which Mr. Kele has opposed (Dkt. No. 59). For the reasons that follow, I recommend that Defendants' motion be denied.

## BACKGROUND

A.   **The Lawsuit**

In February, 2003, Istvan Kele ("Plaintiff") commenced this *pro se* action pursuant to 42 U.S.C. § 1983.  He alleges that on August 26, 2002, he was assaulted by Defendants (the Sheriff and certain Deputy Sheriffs of Franklin County) while he was in custody at the Franklin County Jail.  (*See generally* Dkt. No. 40 [Plf.'s Am. Compl.].)

B.   **Defendants' Contentions**[1]

Defendants contend as follows.  Plaintiff is a native and citizen of Hungary who entered the United States as a lawful resident on August 15, 1967.  On November 22, 1972, he was arrested and charged with, *inter alia*, bank robbery and homicide.  He subsequently was convicted and sentenced to life imprisonment.  He eventually was paroled.  However, on November 20, 1995, he was arrested and charged with violating the terms of his parole.  Plaintiff subsequently was found to have violated a parole condition, and he was sentenced to 60 months' imprisonment.

On January 26, 2001, an Immigration Judge found that Plaintiff was subject to removal and ordered that he be deported to Hungary.  Plaintiff waived his appeal rights, and was deported to Hungary on February 26, 2001.  On June 4, 2001, Plaintiff attempted to re-enter the United States; he was arrested and charged with illegally attempting to re-enter the country after removal.  He eventually again was deported to Hungary.  Probably because of Plaintiff's status, no depositions have been conducted, although the Complaint was filed almost three years ago.

---

   [1]      (*See generally* Dkt. No. 56 [Defs.' Motion Papers].)  Plaintiff has not explicitly denied these contentions.  (*See generally* Dkt. No. 59 [Plf.'s Opp. Papers].)

C.   **Defendants' Motion to Dismiss**

Defendants now move to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 56.) They essentially advance a two-part argument: (1) because of Plaintiff's deportation from the United States to his native Hungary, he will not be able to satisfy his burden of proof at trial in this matter (e.g., by testifying at trial or otherwise setting forth sufficient evidence to establish a *prima facie* case against Defendants); and (2) because of this inability to satisfy his burden of proof at trial in this matter, involuntary dismissal pursuant to Rule 41(b) is warranted. (Dkt. No. 56, Part 12 [Defs.' Mem. of Law].)

In his response to Defendants' motion, Plaintiff acknowledges that he has been deported from the United States to Hungary. (*See*, *e.g.*, Dkt. No. 59, ¶¶ 2-4 [Plf.'s Decl. in Opp.].) However, Plaintiff takes issue with Defendants' first premise (i.e., that his deportation will preclude him from being able to satisfy his burden of proof at trial). (Dkt. No. 59 [Plf.'s Mem. of Law].) Specifically, Plaintiff argues that (1) his deportation permits him to return to this country with the permission of the United States Attorney General and/or the Court, and (2) in any event, the Ninth Circuit Court of Appeals will probably reverse Plaintiff's deportation order and permit him to return to the United States. (Dkt. No. 59 [Plf.'s Mem. of Law].)

In reply to Plaintiff's response, Defendants argue that Plaintiff has provided the Court with no evidence to support his argument that he would, in fact, be permitted re-entry to the United States for trial in this matter. (Dkt. No. 60, ¶¶ 2-3, 7 [Maney Decl. in Reply].)

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b).

Defendants cite three cases in support of their argument that involuntary dismissal pursuant to Rule 41(b) is an appropriate remedy under the circumstances. (Dkt. No. 56, Part 12 at 3-4 [Defs.' Mem. of Law].)[2]  I find that two of these cases (*White v. Mitchell* and *Rennie v. City of New York*) are factually distinguishable from the current case, in which Plaintiff has--so far--continued to appear in this matter since his deportation in the spring of 2005. (*See*, *e.g.*, Dkt. Nos. 52 [Plf.'s Notice of Change of Address], 54 [Plf.'s Letter-Objection], 55 [Plf.'s Letter-Request], 59 [Plf.'s Response to Motion to Dismiss]; *see also*, *supra*, note 1.) Defendants' third case (*Roach v. Sobal*) is more analogous to the current case, although not without its distinctions. (*See*, *supra*, note 2 [explaining that the plaintiff in *Roach* had, in addition to being deported, failed to provide the court with his current address, and failed to respond to defendants' motion].)

---

[2]  *See Roach v. Sobal*, 92-CV-7355, 1999 U.S. Dist. LEXIS 4684, at *2-3 (S.D.N.Y. March 2, 1999) (granting motion to dismiss *pro se* civil rights case pursuant to Rule 41[b] where plaintiff had been deported and could not legally return to the United States to pursue the lawsuit, plaintiff had failed to provide the court with his current address, and plaintiff had failed to respond to motion); *White v. Mitchell*, 99-CV-8519, 2005 U.S. Dist. LEXIS 5734, at *2-6 (E.D.N.Y. Apr. 6, 2005) (granting motion to dismiss civil right case pursuant to Rule 41[b], where plaintiff, among other things, failed to participate in two scheduled teleconferences with court, failed to keep court apprised of his current mailing address, and failed to meaningfully prosecute the matter); *Rennie v. City of New York*, 95-CV-2234, 1996 U.S. Dist. LEXIS 10, at *1-4 (S.D.N.Y. Jan. 2, 1996) (granting motion to dismiss civil rights case pursuant to Rule 41[b], where plaintiff had voluntarily moved out of the United States and had refused to prosecute the case, despite requests to do so from his attorney).

Rather than base my conclusion on any one case, I find that it is appropriate to analyze Defendants' motion under the five-factor test for Rule 41(b) motions, set forth by the Second Circuit--which test is recognized in the *White* and *Rennie* decisions. Specifically, the Second Circuit has identified the five factors that it considers when reviewing a district court's order to dismiss an action under Rule 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York) [citation and internal quotation marks omitted].

Here, I find that, on balance, these five factors weigh against granting Defendants' motion. For example, while the first three factors may weigh minimally in favor of dismissal, the last two factors weigh greatly against dismissal, under the circumstances. In reaching this conclusion, I recognize that, in one sense, this case cries out for dismissal: because of Plaintiff's conduct, the litigation has been pending for almost three years with little progress (e.g., regrettably, no depositions have been conducted). On the other hand, Plaintiff's claims are most serious: an assault by a Sheriff and Deputy Sheriffs. Furthermore, I am mindful that "dismissal is a harsh remedy to be utilized only in extreme situations." *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995) [citation and internal quotation marks omitted]. Finally, I am mindful that dismissal here would "run[] counter to the policy of the law favoring the disposition of cases on the[] merits."

5

*Dorsey v. Edge*, 819 F.2d 1066, 1067 (11th Cir. 1987) [citation and internal quotation marks omitted].[3]

In the event that the Court adopts my recommendation, I then would schedule a prompt telephone discovery conference, and would arrange with Plaintiff and Defendants' counsel for the expedited complement of pre-trial discovery and for the scheduling of a trial. Should Plaintiff fail to comply with the scheduling order, Defendants again could move for dismissal.[4]

---

[3] I note that this recommendation is consistent with my recommendation in a separate civil rights action filed by Plaintiff, in which I reject the defendant's argument that the Court should grant summary judgment to the defendant, in part, because Plaintiff will be unable to adduce any evidence in support of his claims in the future due to his inability to return to the United States. (*See Kele v. Middaugh*, 9:04-CV-0377[TJM/GHL], Dkt. No. 35, Part 3 at ¶ 6 [Diodati Aff., adopting by reference Defendants' argument in the instant case], and Part 4 at 2-3 [Defs.' Mem. of Law].)

[4] In the event Defendants again move for dismissal, I would ask that they please discuss to what extent their motion is based on a failure to prosecute, to what extent (if any) it is based on a failure to comply with the Federal Rules of Civil Procedure, and to what extent (if any) it is based on a failure to comply with an order of the Court. *See* Fed. R. Civ. P. 41(b). In addition, I would ask that Defendants discuss how (if at all) the following cases, rules and court orders impact their analysis: *Shannon v. GE Co.*, 186 F.3d 186, 194 (2d Cir. 1999); *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Chavez-Dominguez v. San Antonio Police Dep't*, No. 02-50166, 2002 WL 31688329, at *1 (5th Cir. Oct. 24, 2002); *Gawhara for Ready Made Clothes v. Evergreen Marine Corp.*, 99-CV-5080, 2001 WL 1737458, at *4 (C.D. Cal. Jan. 25, 2001); Fed. R. Civ. P. 26(a)(5); Fed. R. Civ. P. 30(1); N.D.N.Y. L.R. 41.2(a); Dkt. No. 12 [Court's Pretrial Scheduling Order, filed 7/27/03, providing, among other things, that, "[t]he parties are to . . . comply with Rules 26 through 36 of the Federal Rules of Civil Procedure."). Finally, I would ask that Defendants detail, and factually support, the prejudice (if any) that they have suffered as a result of any failures by Plaintiff–for example, through an increased likelihood of fading memories, unavailable witnesses, lost documents, and/or accumulating legal fees.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 56) be **DENIED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 22, 2005
    Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge