UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ISTVAN KELE,

                              Plaintiff,


        v.                                                           9:03-CV-0170 (LEK/GHL)


JACK PELKEY, Franklin County Sheriff;
JERRY DOW, Franklin County Jail Deputy;
WILBUR BAILEY, JR., Franklin County Jail Deputy;
and TIMOTHY FOURNIER, Franklin County Jail Deputy,
                              Defendants.

_____


ISTVAN KELE,

                              Plaintiff,


        v.                                                           9:04-CV-0377 (TJM/GHL)


DANIEL G. MIDDAUGH, Sheriff, Oneida
County of New York; UNKNOWN DOES,
                              Defendants.

_____


APPEARANCES:                                                OF COUNSEL:

ISTVAN KELE
   Plaintiff, *Pro Se*
H-1131 Budapest
Reitter Ferenc ut 158
Hungary/Europe

HANCOCK & ESTABROOK, LLP                        MAUREEN E. MANEY, ESQ.
   Counsel for Defendants in the *Pelkey* matter
1500 Mony Tower I
Syracuse, NY 13221

DEL BUONO & DIODATI                                    DAVID R. DIODATI, ESQ.
   Counsel for Defendant in the *Middaugh* matter
23 Genesee Street
New Hartford, NY 13413

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

These two actions have been referred to me for Report and Recommendation by the

Honorable Lawrence E. Kahn, United States District Judge, and the Honorable Thomas J.

McAvoy, Senior United States District Judge, pursuant to Local Rule 72.3(c) and 28 U.S.C. §

636(b).  Currently before the Court are (1) Defendants' motion to dismiss pursuant to Rule 41(b)

of the Federal Rules of Civil Procedure in the *Pelkey* matter (Dkt. No. 76), and (2) Defendant's

motion to dismiss pursuant to Rules 41(b) and 37(b)(2) of the Federal Rules of Civil Procedure

in the *Middaugh* matter (Dkt. No. 46).  For the reasons stated below, I recommend that both

motions be granted.

## I.    BACKGROUND

### A.    *Kele v. Pelkey, et al.*

In February of 2003, Istvan Kele ("Plaintiff") commenced a *pro se* action pursuant to 42

U.S.C. § 1983 against Jack Pelkey (the Sheriff of Franklin County, New York) and other

individuals (certain Deputy Sheriffs of Franklin County).  Generally, Plaintiff alleges in that

action that on August 26, 2002, he was assaulted by Defendants while he was in custody at the

Franklin County Jail.  (*See generally* Dkt. No. 40 [Plf.'s Am. Compl.].)

On August 31, 2005, Defendants moved for dismissal based on Plaintiff's failure to

diligently prosecute the action.  (Dkt. No. 56.)  Upon my Report-Recommendation (Dkt. No. 64),

Judge Kahn denied that motion with leave to renew (Dkt. No. 65).  Familiarity with that motion,

report-recommendation and order are presumed herein.

Since the denial of Defendants' previous motion to dismiss, the Court has held a

teleconference with the parties concerning discovery and issued three Orders regarding discovery

issues.  (*See generally* Minute Entry dated 5/15/06; Dkt. Nos. 70, 72, 75.)  On September 29,

2006, Defendants again moved for dismissal based on Plaintiff's failure to diligently prosecute

the action.  (Dkt. No. 76.)

      **B.**     ***Kele v. Middaugh, et al.***

      In April of 2004, Plaintiff commenced a *pro se* action pursuant to 42 U.S.C. § 1983

against Daniel G. Middaugh (the Sheriff of Oneida County, New York) and an unidentified

number of unnamed individuals (certain Deputy Sheriffs of Oneida County).  Generally, Plaintiff

alleges in that action that, between October 1, 2003, and January 18, 2004, various of his

constitutional rights were violated by Defendants while he was in custody at the Oneida County

Correctional Facility.  (*See generally* Dkt. No. 1 [Plf.'s Compl.].)

      On September 28, 2005, Defendant Middaugh moved for summary judgment in part

based on Plaintiff's failure to diligently prosecute the action.  (Dkt. No. 35.)  Upon my Report-

Recommendation (Dkt. No. 37), Judge McAvoy denied that motion with leave to renew (Dkt.

No. 38).  Familiarity with that motion, report-recommendation and order are presumed herein.

      Since the denial of Defendants' previous motion to dismiss, the Court has held a

teleconference with the parties concerning discovery and issued three Orders regarding discovery

issues.  (*See generally* Minute Entry dated 5/15/06; Dkt. Nos. 39, 41, 45.)  On September 29,

2006, Defendants again moved for dismissal based on Plaintiff's failure to diligently prosecute

the action and for violating the discovery order issued by the Court on June 9, 2006.  (Dkt. No.

46.)

## II.    ANALYSIS

Before I discuss Defendants' motions, an initial point bears mentioning.  Because of

Plaintiff's extensive litigation experience, I decided, in my Order of August 28, 2006, that, for

the remainder of both the *Middaugh* and *Pelkey* matters, I will not afford Plaintiff the "special

solicitude" normally afforded *pro se* civil rights litigants, due to his rather considerable litigation

experience (e.g., the fact that before the filing of the two instant actions he had filed at least 65

federal court actions or appeals, the fact that his motion papers in the two instant actions have

generally been fairly good, and the fact that during his extensive litigation history he has

successfully made or opposed several motions).  (Dkt. No. 75 at 2-5 in *Pelkey* matter; Dkt. No.

45 at 2-5 in *Middaugh* matter.)  Having heard no objection from Plaintiff to this decision, I see

no reason to reconsider that decision.

Turning to Defendants' motions, Plaintiff has failed to respond to either of those motions

despite having been given ample time in which to do so.[1]  I find that both of Defendants' motions

are facially meritorious.[2]  Therefore, I find that, by failing to respond to Defendants' motions,

---

[1]    I note that, as of the date of this Report-Recommendation, more than two months have passed since the filing of Defendants' motions.

[2]    A review of whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested motion to dismiss.  *See*, *e.g.*, *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") (emphasis added) (citations omitted); *Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *see also Wilmer v. Torian*, No. 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist.

Plaintiff has "consented" to those motions under Local Rule of Practice 7.1(b)(3).[3]  As a result, I

find that Plaintiff's claims may and should be dismissed merely on procedural grounds.

However, even if I were to reach the merits of the arguments raised in Defendants' motions, I

would reach the conclusion that their arguments have merit.

  **A.**  **Rule 41(b)**

  Both of the motions to dismiss are premised on Rule 41(b) of the Federal Rules of Civil

Procedure, which provides, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to

comply with these rules or any order of court, a defendant may move for dismissal of an action or

of any claim against the defendant."  Fed. R. Civ. P. 41(b).

  It is within the trial judge's sound discretion to dismiss for want of prosecution.[4]  The

Second Circuit has identified five factors that it considers when reviewing a district court's order

---

LEXIS 16340, *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, No. 95-CV-989, 1996 U.S. Dist. LEXIS 15072, *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

  [3]  *See Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]); N.D.N.Y. L. R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."); N.D.N.Y. L.R. 7.1(a) (requiring opposition to motion for summary judgment to contain, *inter alia*, a memorandum of law); *cf.* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's *response* . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so *respond*, summary judgment, if appropriate, shall be entered against the adverse party.") [emphasis added].

  [4]  *See Merker v. Rice*, 649 F.2d 171, 173 (2d Cir. 1981).

to dismiss an action under Rule 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had
> received notice that further delays would result in dismissal, [3]
> whether the defendant is likely to be prejudiced by further delay, [4]
> whether the district judge has taken care to strike the balance between
> alleviating court calendar congestion and protecting a party's right to
> due process and a fair chance to be heard and [5] whether the judge has
> adequately assessed the efficacy of lesser sanctions.[5]

As a general rule, no single one of these five factors is dispositive.[6]

I find that, on balance, the five factors described above weigh in favor of granting

Defendants' motions.  As to the first factor, a plaintiff's failure to act on his claim(s) may warrant

dismissal after only a few months.[7]  Here, Plaintiff filed his original Complaint in the *Pelkey*

matter nearly four years ago, and has failed to take any significant action in the matter for nearly

two years.  Certainly, he has taken no action whatsoever for more than four months (specifically,

since August 2, 2006, the date of his last filing in these two actions).

---

[5]     *See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Rule 41[b]
dismissal of plaintiff's claims by U.S. District Court for Northern District of New York) [citation
and internal quotation marks omitted].

[6]     *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

[7]     *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) ("[Failure
to prosecute] can evidence itself . . . in an action lying dormant with no significant activity to
move it . . . .  Such conduct may warrant dismissal after merely a matter of months."); *see also*,
*Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665-66 (2d Cir. 1980) (affirming trial court's
dismissal reasoning that "during the six-month period [the plaintiff and his attorney] did
absolutely nothing at all to move their case at trial.")

With regard to the second factor, Plaintiff was given sufficient notice that delays could lead to dismissal.  For example, in my Report-Recommendation in the *Pelkey* matter, dated December 22, 2005, I advised Plaintiff that his failure to prosecute this claim could result in dismissal pursuant to Rule 41(b).  (Dkt. No. 64 at 5-6.)  Similarly, in my Report-Recommendation in the *Middaugh* matter, also dated December 22, 2005, I advised Plaintiff that his failure to prosecute this claim, or his failure to comply with the Federal Rules of Civil Procedure, could result in dismissal pursuant to Rule 41(b).  (Dkt. No. 37 at 6.)  Furthermore, I referred to this notice in my Order of August 28, 2006, effectively repeating the notice.  (*Pelkey* Matter, Dkt. No. 75 at 14; *Middaugh* Matter, Dkt. No. 45 at 14.)

The third factor also weighs in favor of dismissal of Plaintiff's claims.  The date of Plaintiff's allegations is August 26, 2002.  Four years have passed since that time and no discovery has been conducted.  Given that so much time has passed since the original incident (and that, for example, witnesses' memories have do doubt faded), it will be difficult for Defendants to prepare a proper defense; moreover, Defendants have had to pay significant attorney's fees during Plaintiff's inaction.  (*Pelkey* Matter, Dkt. No. 77, Part 1 ¶ 15 [Maney Aff.]; *Middaugh* Matter, Dkt. No. 47, Part 2, ¶ 8 [Diodati Aff.].)[8]

As to the fourth factor, the Court has taken numerous steps to protect Plaintiff's right to due process.  For example, on December 22, 2005, this Court issued two Report-Recommendations advising District Judges Kahn and McAvoy to deny Defendants' dispositive motions, in large part to give Plaintiff another opportunity to litigate these actions.  Furthermore,

---

[8]      *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37 (2d Cir. 1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed. . . .")

since that time, the Court has held a teleconference with the parties concerning discovery and

issued three Orders regarding discovery issues.

Finally, the fifth factor also weighs in favor of dismissal.  I have carefully considered the

possibility of imposing other sanctions on Plaintiff, and I have concluded that such sanctions

would be ineffective to cure Plaintiff's failure to prosecute, given the circumstances and the

history of these litigations.

### B.      Rule 37(b)(2)

In addition to being premised on Rule 41(b), Defendant Middaugh's motion is premised

on Rule 37(b)(2) of the Federal Rules of Civil Procedure, which provides, in pertinent part, "If a

party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is

pending may make such orders in regard to the failure as are just . . . [including] [a]n order . . .

dismissing the action or proceeding . . . ."  Fed. R. Civ. P. 37(b)(2).[9]

Rule 37 grants district courts "broad power" to sanction parties that fail to comply with a

discovery order.[10]  Of course, the Second Circuit has stated that "dismissal under Fed. R. Civ. P.

37 is a drastic remedy and should be imposed only in extreme circumstances, usually after

consideration of alternative, less drastic sanctions."[11]  However, such measures may be

---

[9]      I note that Defendant Middaugh's motion is also premised on Rule 37(d), which
provides, in pertinent part, "If a party . . . fails . . . to appear before the officer who is to take [his]
deposition, after being served with the proper notice, . . . the court in which the action is pending
on motion may make such orders in regard to the failure as are just [including dismissal of the
action or proceeding] . . . ."  Fed. R. Civ. P. 37(b)(2).

[10]      *See Friends of Animals Inc., v. United States Surgical Corp.*, 131 F.3d 332, 334
(2d Cir. 1997) (per curium).

[11]      *See Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986).

warranted, even in the case of *pro se* litigants, when plaintiffs fail to comply with discovery orders after being warned that noncompliance could result in dismissal.[12]

Here, as stated above, Plaintiff failed to comply with the discovery order issued by the Court on June 9, 2006, after being warned that a continued failure to prosecute this action could result in dismissal.  Furthermore, I have carefully considered, and rejected as ineffective, less drastic sanctions.  As a result, I conclude that Rule 37(b)(2) provides alternative grounds in support of my recommendation that these two actions be dismissed.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure in the *Pelkey* matter (Dkt. No. 76) be **GRANTED**; and it is further

**RECOMMENDED** that Defendant's motion to dismiss pursuant to Rule 41(b) in the *Middaugh* matter (Dkt. No. 46) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Svcs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b); Fed. R. Civ. P. 6(a), 6(e), 72.

---

[12]     *See Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991); *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Dated: December 19, 2006
         Syracuse, New York

George H. Lowe
United States Magistrate Judge